UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TERA COOVER,

    Plaintiff,

v.                                       Case No: 2:14-cv-395-FtM-38DNF

IMMEDIATE CREDIT RECOVERY, INC.,

    Defendant.
_____/

## **ORDER**[1]

    This matter comes before the Court on Defendant Immediate Credit Recovery, Inc.'s Motion to Dismiss Plaintiff's Complaint (Doc. #10) filed on August 19, 2014. Plaintiff Tera Coover filed a Response in Opposition (Doc. #14) on September 2, 2014. Immediate Credit Recovery, Inc. filed a Reply (Doc. #23) on October 8, 2014. This matter is ripe for review.

## **BACKGROUND**

    The following facts, as set forth in Plaintiff's Complaint, are taken as true for the purposes of a motion to dismiss. Reese v. JPMorgan Chase & Co., 686 F.Supp.2d 1291, 1296 (S.D. Fla. 2009). Plaintiff Tera Coover ("Coover") is alleged to owe the U.S. Department of Education for student loans. (Doc. #1 at 2, ¶¶ 6–7). Defendant Immediate

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Credit Recovery, Inc. ("Credit") is a debt collection agency that contacted Coover in an attempt to collect on the student loan. (Doc. #1 at 2-3, ¶¶ 9–13, 15). Credit contacted Coover on August 13, 2013, and in the course of their communications arranged a payment plan for Coover to repay her debt. (Doc. #1 at 3, ¶¶ 15–16). The plan required Coover to pay $100.00 on the 3rd day of each month, and she gave Credit her Wells Fargo banking information to automatically debit the payments. (Doc. #1 at 3, ¶ 17; 7, ¶ 52). Coover alleges payments were withdrawn in August, September, October and November before she received written correspondence from Credit regarding the payment plan. (Doc. #1 at 3, ¶¶ 21–22). The correspondence stated Coover's next payment was due on December 6, 2013, and the agreement applied for the next six months. (Doc. #1 at 4, ¶¶ 23–24). A detachable coupon was attached to the letter, instructing Coover to detach it and send her first payment to the address provided. (Doc. #1 at 4, ¶ 25). Even though Credit continued to withdraw payments through Coover's Wells Fargo account, Coover received the same correspondence for the next three months: a payment was due on the 6th of the month, the agreement applied for the next six months, and the first payment was to be mailed in with the detachable coupon. (Doc. #1 at 3-4, ¶¶ 21–33).

Based on the foregoing, Coover filed this action on July 14, 2014, alleging Credit used debt collection practices forbidden by 15 U.S.C. §§ 1692, 1693e(a). Specifically, Coover alleges the written communication was deceptive and misleading, and misstated the terms of her payment plan. She further alleges Credit failed to notify her in writing prior to each electronic payment she made, in violation of § 1693e(a). Credit filed a Motion to Dismiss the Complaint for failure to state a claim, arguing the Complaint does not state

whether or how the correspondence was misleading and miss-characterizes the electronic payments as postdated instruments. Finally, Credit argues it is not a financial institution and cannot be subject to a violation under § 1693e(a). For the reasons that follow, Credit's motion is due to be granted in part and denied in part.

## Legal Standard

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to, or referenced in, the complaint, and matters judicially noticed. *La Grasta v. First Union Sec., Inc.,* 358 F.3d 840, 845 (11th Cir. 2004). The Court must accept all factual allegations in Plaintiff's Complaint as true and take them in the light most favorable to the plaintiff. *Pielage v. McConnell,* 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (discussing a Rule 12(b)(6) dismissal); *Marsh v. Butler County, Ala.,* 268 F.3d 1014, 1036 n. 16 (11th Cir.2001).

The Court employs the *Twombly–Iqbal* plausibility standard when reviewing a complaint subject to a motion to dismiss. *Randall v. Scott,* 610 F.3d 701, 708, n. 2 (11th Cir. 2010). A claim is plausible if the plaintiff alleges facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Marsh,* 268 F.3d at 1036 n. 16. Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. *Iqbal, 556 U.S. 662, 677, 129 S.Ct. 1937, 173*

L.Ed.2d 868. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal modifications omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)*.

## DISCUSSION

### A. The FDCPA Claims

The Federal Debt Collection Practices Act "imposes open-ended prohibitions on, *inter alia*, false, deceptive, or unfair…" debt-collection practices or activities. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 587 (2010)*. Congress passed the FDCPA to stop "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," having determined the "existing laws and procedures" were "inadequate" to protect consumer debtors. 15 U.S.C. § 1692(a)–(b); see also *Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1257 (11th Cir. 2014)*. The FDCPA regulates the conduct of debt collectors, which are defined as any person who "regularly collects… debts owed or due to be asserted to be owed or due another." 15 U.S.C. § 1692a(6). In the present case, it is undisputed by the parties that Credit is a debt collector subject to the FDCPA.

The FDCPA allows consumer debtors to sue civilly when debt collectors violate its provisions. See *Crawford, 758 F.3d at 1257* ("To enforce the FDCPA's prohibitions, Congress equipped consumer debtors with a private right of action…"). In the Complaint, Coover alleges that Credit's actions violated 15 U.S.C. § 1692e – mandating that "a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt"; Section 1692e(2)(A) – forbidding the "false

representation of . . . the character, amount, or legal status of any debt"; and Section 1692e(10) – forbidding "the use of any false or deceptive means to collect or attempt to collect any debt. . . ."  The Complaint also alleges Credit violated Section U.S.C. § 1692f(2) – forbidding "acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit." The alleged violations of § 1692e and § 1692f are discussed separately below.

1. Section 1692e Violations

The Eleventh Circuit has adopted a "least-sophisticated consumer" standard to evaluate whether a debt collector's conduct is "deceptive" or "misleading" under § 1692e. LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193 (11th Cir. 2010) (applying the standard to claims under both § 1692e and § 1692f). Thus, the inquiry becomes "whether the "least sophisticated consumer' would have been deceived," and not whether the particular plaintiff-consumer was deceived or misled. Crawford, 758 F.3d at 1258 (quoting Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1171 (11th Cir. 1985)). This standard also protects debt collectors, because "the test has an objective component in that while protecting naïve consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness." Leblanc, 601 F.3d at 1194.

Coover claims she received several letters that contradict the oral repayment plan she had with Credit. The plan, as discussed in August, was originally supposed to be a series of monthly installments, in the amount of $100.00, due on the third day of each

month. (Doc. #1 at 3, ¶¶ 16–18). There was a first payment of $25.00 due in August as well. (Doc. #1 at 3, ¶ 18). The letters Coover received allegedly confirmed the payment arrangement she made with Credit to pay her debt to the U.S. Dept. of Education, but additionally stated:

> 23. Said correspondence stated that her payment was next due on December 6, 2013.
>
> 24. Said correspondence stated that the agreement applies for the next six months.
>
> 25. Said correspondence stated that [Coover] should include a detachable coupon provided with the correspondence with her "first payment", and that she should send the payment to the address on the coupon.

(Doc. #1 at 3-4, ¶¶ 22–25). Coover alleges she received two more letters with the same information (with only the payment date changed), despite Credit withdrawing payments from her bank account. (Doc. #1 at 4-5, ¶¶ 26–35). Credit argues Coover failed to allege whether or how the letters confused or misled her, and thus argues the claim should be dismissed as a matter of law.

Examining the allegations regarding the correspondence under the "least-sophisticated consumer" standard, this Court cannot say as a matter of law that the Complaint is deficient. Contrary to Credit's arguments, Coover does not have to assert in her pleadings that she was misled or confused by the notices. Rather, sending multiple letters that failed to acknowledge past payments or the length of time remaining for the payment plan could in fact deceive or mislead a least-sophisticated consumer. Based on the letter, the consumer may not know whether to pay by coupon or wait for the payment plan set up over the phone. This confusion could prompt the consumer to pay twice in a month. Additionally, the lack of information about prior payments or current account

balances could prompt the consumer to ignore the notices and cancel future payment. Therefore, taking the factual allegations as true, the Complaint sufficiently alleges a violation of § 1692e. Credit's Motion to Dismiss is due to be denied on this issue.

2. Section 1692f Violations

The Complaint additionally alleges Credit's actions violate 15 U.S.C. § 1692f(2). Section 1692f, entitled "Unfair Practices," forbids a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The statute continues by listing specific examples of behaviors that violate the prohibition, including:

> (2) The acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit.

15 USC § 1692f(2). Coover alleges that the August telephone conversation with Credit resulted in an agreement whereby Credit would withdraw $100.00 on the third day of each month. (Doc. #1 at 3, ¶16; 7, ¶ 51) In the same call, Coover provided Credit with her Wells Fargo Banking information and gave oral authorization for the monthly withdrawals. (Doc. #1 at 7, ¶¶52–53).  Coover claims these payments were postdated more than 5 days but she was not provided written notice of the intent to deposit by Credit, in violation of § 1692f(2).[2] Credit argues the payments are not "postdated payment instruments" under § 1692f(2), and furthermore no legal precedent exists defining an oral pre-authorization for withdrawals as a postdated instrument.

---

[2] The Court would note that Plaintiff characterizes the payments to Credit as "postdated payments for deposit" in Count I, and then as a "transfer of funds" or "electronic funds transfers" in Count II. For all future pleadings, the Court would encourage the Plaintiff to be consistent with its description of the payments.

The Court agrees that the payments in this case are not "postdated instruments" within the meaning of the statute. There is no allegation in the Complaint that Coover provided any sort of check or other written note that Credit could present to a banking institution. In fact, the Complaint explicitly states that Coover "has not provided Defendant with any written authorization to transfer any funds from Plaintiff's Wells Fargo Account." (Doc. #1 at 7, ¶¶ 52–53). The only case the Court could locate squarely addressing this issue is Richardson v. Check Sys. Recovery, LLC, No. 2:12-CV-106, 2012 WL 6049703, at *2 (N.D. Ind. Dec. 5, 2012). In that case, the plaintiff gave oral authorization to the defendant debt collector to withdraw four (4) payments from her bank account. Id. at *1. The defendant did not provide written notification of its intent to debit the payments, and had not obtained written authorization to withdraw from the plaintiff's bank account. Id. at *2. Rejecting the plaintiff's contention that the defendant's actions violated 15 U.S.C. § 1692f(2), the court stated:

> It is quite clear in this case that plaintiff drafted no checks, postdated or otherwise. [The] [p]laintiff appears to consider an oral authorization for a future electronic transfer as analogous to a postdated check, but plaintiff provides no legal authority for such a conclusion and the court could not locate any authority in its own research. Accordingly, the court rejects plaintiff's contention that a violation of 15 U.S.C. § 1692f(2) occurred in this case.

Id. Coover argues nonetheless that this Court should disregard Richardson and instead apply the rationale in Puglisi v. Debt Recovery Solutions, LLC, 822 F.Supp.2d 218 (E.D.N.Y. 2011). In that case, the Defendant received oral authorization to debit two payments from Plaintiff's bank account on two specific dates. Id. at 221. The defendant withdrew the funds earlier than agreed to, and the plaintiff incurred fees for insufficient funds. Id. at 222. The plaintiff sued alleging violations of § 1692f(2), and characterized the payments as postdated checks, a characterization which was not disputed by the

8

defendant. Id. at 223. However, the defendant asserted a bona fide error defense under the statute, and prevailed on cross motion for summary judgment. Id. at 234. Coover argues that because the parties in Puglisi did not dispute the characterization of the payments, this Court must also characterize her oral authorization as postdated payment instruments. The Court's reading of Puglisi does not support such an extrapolation; in that case the court never addresses the issue. In the present case, merely relabeling the oral authorization as "postdated payment instruments" is insufficient. Thus, the Court finds that without more, the Complaint fails to allege a cause of action under § 1692f(2).

**B. The EFTA Claim**

Coover's final claim is that Credit violated the EFTA under 15 U.S.C. § 1693e(a) by failing to obtain written authorization, and provide a copy of the authorization when it withdrew the payments from Coover's bank account. Section 1693e(a) provides in part that:

> (a) A preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made. A consumer may stop payment of a preauthorized electronic fund transfer by notifying the financial institution orally or in writing at any time up to three business days preceding the scheduled date of such transfer.

15 U.S.C. § 1693e(a). A "preauthorized electronic fund transfer" is defined as "an electronic fund transfer authorized in advance to recur at substantially regular intervals." 15 U.S.C. § 1693a(10). The "recur" requirement must be satisfied in order for the EFTA to be triggered. In re DirecTV Early Cancellation Litig., 738 F.Supp.2d 1062, 1091 (C.D. Cal. 2010). Thus the relevant inquiry is whether the payments were meant to recur to meet the EFTA's definition of a "preauthorized electronic funds transfer."

9

In the present case, the Complaint does not allege how many months the payment plan was meant to continue, but it does allege sufficient facts to conclude the payments were recurring at "substantially regular intervals." The Complaint states that the payments were to be withdrawn on the third of each month, and the payments continued for at least five (5) months. (Doc. #1 at 3-4, ¶¶ 16–33). Furthermore, the correspondence sent by Credit indicated the agreed payments would continue for six (6) months. (Doc. #1 at 3-4, ¶¶ 18–32). Thus, the Complaint has alleged that Credit made preauthorized electronic transfers, and they failed to obtain written notice in violation of § 1693e(a).

Credit's arguments that § 1693e(a) applies only to financial institutions are misguided. The plain text of the statute does not stand for the proposition that only financial institutions are liable for failing to obtain written consent for such transfers. Furthermore, regulations interpreting and implementing the statute recognize that third-party payees can also be liable. The court in Nordberg v. Trilegiant Corp., 445 F.Supp.2d 1082 (N.D. Cal. 2006), relied upon by Credit, discussed this issue in detail, citing to 12 C.F.R. § 205.10(b) as clearly interpreting the written authorization requirement of § 1693e(a) to be applicable to both financial institutions or third-party payees. "The Official Staff Interpretations ("OSI") of Regulation E expressly state that for 'authorization obtained by a third party ... the account-holding financial institution does not violate the regulation when a third-party payee fails to obtain the *authorization in writing* or fails to give a copy to the consumer, rather it is the third-party payee that is in violation of the regulation.'" Nordberg, 445 F.Supp.2d at 1094 (quoting Regulation E, Supp. I, Part 10(b)). Credit does not offer a single case, nor could the Court locate one, in which a claim for failure to secure written authorization was dismissed due to the defendant not being a

financial institution. Therefore, the Complaint has alleged sufficient facts to support its claim under § 1693e(a), and Credit's Motion to dismiss is due to be denied on this issue.

Accordingly, it is now

**ORDERED:**

Defendant Immediate Credit Recovery, Inc.'s Motion to Dismiss Plaintiff's Complaint (Doc. #10) is **GRANTED in PART**, and **DENIED In PART**.

1. Count I is **DISMISSED without prejudice** with respect to claims under 15 U.S.C. § 1692f(2).

2. As to all other Counts and Claims, the Motion to Dismiss is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida, this 10th day of November, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

11